MELVIN THOMPSON v. THE STATE.

No. 13215.   Delivered April 2, 1930.
Rehearing denied May 21, 1930.
Reported in 28 S. W. (2d) 153.

The opinion states the case.

*Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

A witness for the State testified to the sale of a pint of whiskey by appellant to him for which he paid him a dollar and a half. He was corroborated by other witnesses. The pint of whiskey he purchased was taken from him by an officer.

The pint of whiskey so taken was labelled by the officer and placed in the jail. There it was afterwards found by such witness with his label still on it and was introduced at the trial. Complaint is made that it was not properly identified as the same whiskey nor shown to be in the same condition as it was when taken from the State's witness. The officer testified to its being the same and to the identity of the label and we think the objection went to the weight instead of the admissibility of the evidence. However, it

further appears in the record that appellant himself proved that a pint of whiskey was in possession of this witness at the time the State claims he was at appellant's house. In other words it appears from both the testimony for the State and the appellant that this witness actually had a pint of whiskey and left appellant's house with same and since the introduction of the pint only tended to prove this fact, which was not a disputed issue, we think the error, if any, in admitting this testimony was harmless.

Complaint is made of the following remark of the district attorney made to the jury in his argument:

"This man Goulde, you can look at his face, he has the earmarks on it of not telling the truth."

This is claimed to have been prejudicial. The trial court and the jury saw this witness, observed his demeanor, his attitude and his face. The jury particularly saw the same things the district attorney saw. The remark may have been justified by the general conduct, attitude, demeanor and appearance of the witness and such fact is not negatived in the bill. The trial court was in much better condition to pass on whether or not this was prejudicial than this court and it does not appear to us from the recitals in the bill that the remark was necessarily untrue and of such prejudicial character as would justify a reversal. Such a question is always to be measured by the particular circumstances and facts of the case in which it occurred and we cite no precedent for this reason. Nor do we think that the other remark assigned as error comes necessarily within the class which have been held sufficiently prejudicial to cause reversal and its importance does not seem to justify its discussion.

Many of appellant's bills are insufficient. For example, a bill of exception presents as error the action of the Court in permitting the district attorney to ask this question of a witness: "J. E. Bascom, who you defended, was convicted, was he not?" Objection to the answer of the witness was sustained. This remark is set into the bill without any background. None of the surrounding facts and circumstances which would make it prejudicially erroneous are shown in the bill. This question has been so ofttimes decided that we here do no more than to state it and call attention to the authorities collated on this subject found in 4 Tex. Jur., Paragraph 216.

In the motion for new trial newly discovered evidence is alleged. All of it, however, is regarded as impeaching and the Court did not abuse his discretion in refusing a new trial in order to obtain

same. Branch's P. C., Sec. 202; Herber v. State, 7 Tex. 70; Gibbs v. State, 1 Tex. Crim. App. 12; White v. State, 177 S. W. 95.

The indictment charges the offense above stated. The Court's charge authorized a conviction for same. The verdict and judgment follows the indictment and charge, but the sentence as shown in the transcript recites that appellant was convicted of murder and his confinement is prescribed at a term in the penitentiary of not less than one nor more than two years. This was an inexcusable blunder on the part of somebody, but it will not necessarily result in a reversal, as the sentence may be reformed to follow the indictment, charge of the court, verdict and judgment.

It is accordingly ordered that the sentence will be reformed so as to adjudge appellant to be guilty of the offense of possession of intoxicating liquor for the purpose of sale and his punishment prescribed at confinement in the penitentiary for a term of not less than one nor more than two years, and as reformed, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant calls attention to some inaccuracies, as claimed by him in the fact recitals. We have again reviewed the testimony of the witness upon the point of the claimed inaccuracies but are unable to agree that there is any substance in the complaint.

Complaint is renewed concerning the argument of the district attorney in saying to the jury, as set out in the motion for rehearing, "A man of the character and reputation of the defendant ought to be convicted." Appellant materially mistakes the language of the argument. Bill of exception No. 9 sets up objection to the district attorney stating: "A man of the character and kind of this defendant ought to be convicted." The bill makes no showing of any statement regarding the reputation of appellant. Nothing in the bill states, nor does any inference arise from the language therein set out, that said argument was not well founded upon testimony properly before the jury during the trial, which may have manifested that appellant was the kind and character of man who ought to be convicted. The "character" and "kind" of man he is,—are but

inferences based on facts,—wholly distinct things from reputation, which latter necessarily involves what people say of the person under discussion, which could not arise or be a possible inference from facts merely showing such person to be a seller of intoxicating liquor. In the absence of testimony showing that the reputation of the accused became an issue upon a given trial, it would be manifest error for the district attorney to say to the jury that such person had a bad reputation. If the facts showed the accused to be one who had sold to various persons intoxicating liquors, in violation of law, it would not be an unwarranted inference or statement for the district attorney to say to the jury that a man of this kind or character ought to be convicted.

Not being in accord with appellant's complaint, and believing the case properly disposed of in our former opinion, the motion for rehearing will be overruled.

*Overruled.*